IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES FRANCIS JOHNSTON,

Plaintiff,

v.

DR. SCOTT HOWARD JOHNSON,

Defendant.

Case No. 6:16-cv-01894-JR

FINDINGS AND
RECOMMENDATION

RUSSO, Magistrate Judge:

Pro se plaintiff James Francis Johnston, proceeding *in forma pauperis*, brings this action against Dr. Scott Howard Johnson. On October 13, 2016, the Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). At that time, the Court instructed plaintiff to file an amended pleading that complied with Fed. R. Civ. P. 8(a) or face dismissal of this action with prejudice. For the reasons stated herein, plaintiff's amended complaint fails to state a claim upon which relief may be granted, such that this case should be dismissed.

Page 1 – FINDINGS AND RECOMMENDATION

Under 28 U.S.C. § 1915(e), the district court must dismiss an *in forma pauperis* complaint, either sua sponte or pursuant to a motion made by the opposing party, if it "is frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). In order to avoid dismissal under 28 U.S.C. § 1915(e), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the plaintiff need not detail all factual allegations, the complaint must nonetheless provide "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Pro se plaintiffs do not have the benefit of legal counsel, therefore their pleadings are "held to less stringent standards" than pleadings drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Nevertheless, even construing plaintiff's amended complaint in the most favorable and liberal light, it fails at the pleading level.

Initially, plaintiff's amended complaint is conclusory and devoid of factual support. Plaintiff describes physical injuries and surgeries unrelated to defendant that transpired between 2004 and 2012. Am .Compl. pp. 2-3.[1] Plaintiff "explained his problem," which presumably entailed a description of his medical history (including these previous injuries and surgeries), to defendant during their April 9, 2014, meeting. Id. at p. 2. According to plaintiff, because "the problem is specific in nature . . . it would have been better if the defendant had spoken with

---

[1] Because plaintiff did not numeralize his amended complaint, the Court refers to the page numbers assigned in the docket.

another primary care doctor." Id. at pp. 2-3. While plaintiff concludes "things [got] out of hand" and defendant "became hostile," he does not outline any other facts concerning defendant or their April 2014 encounter. Id. at p. 2. As a result, it remains unclear from plaintiff's factual assertions how defendant caused him harm.[2]

Moreover, there is no indication defendant is a government actor. Plaintiff acknowledges the amended complaint "must allege the defendant is a government actor," however, his only contention regarding this requirement pertains to insurance. See id. at pp. 3-4 ("plaintiff carries Medicare, which pays for eighty percent of the visit, and a state insurance plan which pays for twenty percent"). Because the type of insurance plaintiff carries has no bearing on whether defendant's allegedly wrongful actions can be "fairly attributable to the government," plaintiff cannot state a claim under either 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003); see also Frank v. Cascade Healthcare Cmty., Inc., 2013 WL 867387, *21-24 (D. Or. Mar. 6, 2013) (discussing the various criteria to identify state action where the defendants were employees of a private medical facility).

Even assuming the existence of government action, plaintiff's claim is time barred. Plaintiff's allegations focus exclusively on his April 9, 2014, consultation with defendant. Am. Compl. pp. 2-3. Although plaintiff "rescheduled with the defendant on May 13, 2015, in an

---

[2] Unlike the original complaint, plaintiff's amended complaint does not allege the deprivation of his liberty and instead asserts "the infringement of his rights under the amendments one, five and thirteen of the United States Constitution." Compare Compl. pp. 8-10, with Am. Compl. p. 3; see also Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent") (citation and internal quotations and brackets omitted). It is difficult to decipher from plaintiff's pleadings how defendant's alleged hostility and failure to consult another family doctor implicates the First, Fifth, or Thirteenth Amendment.

attempt to clear matters up," he does not allege any violation of his constitutional rights or other wrongdoing in association with that meeting. Id. at p. 4. Accordingly, the dispositive date for liability purposes – i.e., April 9, 2014 – remains outside of the relevant two-year time period.

In sum, because the amended complaint does not comply with the Court's previous order, and at least some of the deficiencies cannot be cured by amendment, dismissal without leave to amend is warranted. See Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) (dismissal without leave to amend is appropriate where "it is clear that the complaint could not be saved by any amendment").

## RECOMMENDATION

Plaintiff's amended complaint (doc. 6) should be DISMISSED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

IT IS SO ORDERED.

DATED this 1ˢᵗ day of November 2016.

Jolie A. Russo
United States Magistrate Judge

Page 4 – FINDINGS AND RECOMMENDATION